IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-0796** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANKLIN J. TENNIS, et al., | : | |
| Defendants | : | |

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-1473** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

*A. Civil Action 4:CV-08-0796*

On April 29, 2008, Plaintiff, John R. Oliver, currently an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. § 1983, which was docketed to Civil Action No. 08-0796. Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since he was an inmate in the Middle District of Pennsylvania, his claims related to his confinement in the Middle District of Pennsylvania, and all Defendants except one (Beard) were employed at the prison

located in the Middle District of Pennsylvania.  Plaintiff also filed a Motion to proceed *in forma pauperis* Motion.  (Doc. 2).

Plaintiff essentially claimed that Defendants were deliberately indifferent to his serious medical needs at SCI-Rockview for his right wrist after he fell on a meal tray while working in the prison tray room on January 18, 2008.  Plaintiff specifically averred that he slipped and fell on a tray that fell from a tray cart when the support from the bottom of the cart dislodged, Plaintiff alleged that due to the water build up on the tray room floor, the tray he stepped on slipped out from under his feet.  Plaintiff also alleged that Defendant Lamas failed to address his concerns over safety issues he raised numerous times about the prison meal tray room and the tray machine prior to his fall.  Plaintiff claimed that the tray machine had a major leak, resulting in water all over the floor, and that there was a lack of proper ventilation in the tray room.

Plaintiff named the following eight (8) Defendants in his 08-0796 action:  Jeffery A. Beard, Secretary of the Pennsylvania Department of Corrections ("PA DOC"); Franklin J. Tennis, Superintendent of SCI-Rockview; Mr. Capparelle, Supervisor of Culinary at SCI-Rockview; Mr. Jedrededzedek, culinary worker at SCI-Rockview; Marirosa Lamas, ex-Deputy Secretary of Centralized Services at SCI-Rockview; Mr. Winkleman, culinary captain at SCI-Rockview; Dr. Symmons,[1] prison doctor at SCI-Rockview; and Mr. Sowash, Supervisor of Culinary at at SCI-

---

[1] Plaintiff also spells Dr. Symmons' name as "Symons" and "Symen."  Once Dr. Symmons responds to Plaintiff's Complaint in case number 08-0796, we will use the correct spelling of this Defendant's name.

Rockview. (Doc. 1, pp. 1-2). Plaintiff also named three John Doe Defendants and one Jane Doe Defendant.

On May 12, 2008, we screened Plaintiff's Complaint under the PLRA, and we issued a Report and Recommendation ("R&R") in Civil Action No. 08-0796. (Doc. 7). We recommended that the case be dismissed as to all claims against Defendants Beard, Tennis, Jedrejedzedek, Sowash, Winkleman, Capparelle and Lamas pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We recommended that the four Doe Defendants be dismissed without prejudice and that the matter be allowed to proceed with respect to Plaintiff's Eighth Amendment claim against Defendant Dr. Symmons for denial of proper medical care with respect to his right wrist injury he suffered in the January 18, 2008 fall. (Doc. 7).

On June 16, 2008, the District Court adopted our R&R in Case No. 08-0796, directed service of the Complaint upon only Defendant Symmons, and remanded the matter to the undersigned for further proceedings. (Doc. 14).[2]

*B. Civil Action No. 4:CV-08-1404*

On July 28, 2008, Plaintiff filed, *pro se*, a second civil rights action pursuant to 42 U.S.C. § 1983, which was docketed to Civil Action No. 08-1404, M.D. Pa. Plaintiff named as Defendants in his 08-1404 action the same Defendants he named in his #08-0796 case, except for Dr. Symmons, namely, Jeffery A. Beard, Secretary of the Pennsylvania Department of Corrections ("PA DOC"); Franklin J. Tennis, Superintendent of SCI-Rockview; Mr. Capparelle, Supervisor of Culinary

---

[2]To date, the return of service has not been filed with respect to Defendant Symmons in case # 08-0796.

at SCI-Rockview; Mr. Jedrededzedek, culinary worker at SCI-Rockview; Marirosa Lamas, ex-Deputy Secretary of Centralized Services at SCI-Rockview; Mr. Winkleman, culinary captain at SCI-Rockview; and Mr. Sowash, Supervisor of Culinary at SCI-Rockview. (Doc. 1, pp. 1-2).[3] As mentioned, Plaintiff did not name Defendant Symmons as a Defendant in his 08-1404 case.

In his 08-1404 action, Plaintiff again raised essentially the same claims against the dismissed Defendants from his recent 08-0796 case, *i.e.*, he claimed that Defendants were deliberately indifferent to his serious medical needs at SCI-Rockview for his right wrist injury he sustained after he fell on a meal tray while working in the tray room at SCI-Rockview on January 18, 2008. Plaintiff asserted his Eighth Amendment conditions of confinement claim with respect to the tray room. Plaintiff also again claimed that Defendant Lamas failed to address his concerns over safety issues he raised about the prison tray room prior to his fall. Further, Plaintiff again alleged that prison staff failed to fix the problems in the tray room and that staff continued to ignore the problems, despite being told of the "possible impending harm because of that problem." (*Id.*, p. 2).

Plaintiff also filed an *in forma pauperis* Motion with his case number 08-1404. (Doc. 2). We then screened Plaintiff's Complaint in case number 08-1404 under the Prisoner Litigation Reform Act ("PLRA") and found that it raised substantially similar claims as Plaintiff's recent

---

[3]In his caption of his # 08-1404 Complaint, Plaintiff also named "1 John Doe" as a Defendant, but he did not state this Defendant on page 2 of his Complaint when he listed all of his Defendants. (Doc. 1, pp. 1-2). Nor did Plaintiff state any personal involvement of the John Doe Defendant in his Statement of Claim Section of his # 08-1404 Complaint. (*Id.*, pp. 2-2A). Thus, Plaintiff failed to state any claim against Defendant "1 John Doe" in his case number 08-1404 Complaint.

# 08-0796 case, and that it named almost all of the same Defendants except for Defendant Symmons. Thus, on August 5, 2008, we issued a R&R in #08-1404 and pursuant to Rule 42(a), we recommended that the above stated cases be ordered consolidated, that Plaintiff's Motion for *in forma pauperis* in Case No. 08-1404 (Doc. 2) be granted solely for the purpose of filing this action, that Case Number 08-1404 be closed, and that the matters proceed under Civil Action Number 4:CV-08-0796.  It was also recommended that all of Plaintiff's claims in his # 08-1404 Complaint against all named Defendants therein be dismissed based on the District Court's June 16, 2008 Order issued with respect to Plaintiff's # 08-0796 Complaint. It was further recommended that the consolidated matter be remanded to the undersigned for further proceedings as against only remaining Defendant Dr. Symmons.

*C.  Civil Action No. 4:CV-08-1473*

On August 6, 2008, Plaintiff filed, *pro se*, a third civil rights action pursuant to 42 U.S.C. § 1983, which was docketed to Civil Action No. 08-1473, M.D. Pa.  Plaintiff again named as Defendants in his # 08-1473 action the following:  Jeffery A. Beard, Secretary of the Pennsylvania Department of Corrections ("PA DOC"); Franklin J. Tennis, Superintendent of SCI-Rockview; Mr. Capparelle, Supervisor of Culinary at SCI-Rockview; Mr. Jedrjezek[4], culinary worker (steward) at SCI-Rockview; Marirosa Lamas, ex-Deputy Secretary of Centralized Services at SCI-Rockview; Mr. Winkleman, culinary captain at SCI-Rockview; and Mr. Sowash, Supervisor of Culinary at SCI-

---

[4] In his #08-1404 action Plaintiff spelled the name of this Defendant as "Jedrededzedek."
We also note that all of the named Defendants in Plaintiff's # 08-1473 case are the same as the named Defendants in his # 08-1404 case, and that the claims against the Defendants are mostly the same.

5

Rockview. (Doc. 1, pp. 1-2).[5] Plaintiff named the exact same Defendants in his #08-1473 case as he named in his # 08-1404 case.

Plaintiff did not name Defendant Symmons as a Defendant in his #08-1404 case or his #08-1473 case. Plaintiff seems to be trying to re-name, in his #08-1404 case and his #08-1473 case, the Defendants which were dismissed by the District Court in his #08-0796 case, even though his claims in both of the later two cases against these Defendants are, for the most part, the same as in his first case.

In his instant # 08-1473 action, Plaintiff again raises essentially the same claims against most of the same Defendants as he raised in his recent #08-0796 and #08-1404 cases, *i.e.*, he claims that Defendants were deliberately indifferent to his safety at SCI-Rockview and that due to the conditions in the meal tray room, about which Defendants were aware, on January 18, 2008, he suffered a right wrist injury after he fell on a meal tray that dislodged from a broken tray cart, and that the wet floor from the leaking tray machine contributed to his fall. Plaintiff states that he presently cannot "turn his [right] arm or wrist" due to the fall. (Doc. 1, p. 8). Plaintiff again claims that the Defendants, who were dismissed from his # 08-0796 case, violated the Eighth Amendment by not ensuring that safe conditions existed in the prison meal tray room and that they failed to take

---

[5]In his captions of his # 08-1404 and # 08-1473 Complaints, Plaintiff also names "One John Doe" as a Defendant, but he does not list this Defendant on page 2 of his Complaints when he specifies all of his Defendants. (Doc. 1, pp. 1-2, #08-1404 and #08-1473). Nor does Plaintiff state any personal involvement of the John Doe Defendant in his Statement of Claim Section of his Complaints. (*Id.*, pp. 2-2A & pp. 6-8, #08-1404 and #08-1473, respectively). Thus, Plaintiff fails to state any claim against Defendant "One John Doe" in his Complaints in cases # 08-1404 and # 08-1473.

remedial action to fix the tray room problems, especially the leaking tray machine doors, even though he had complained to them since he started working there in June 2005.

Plaintiff also again claims that after he told Defendants Jedrjezek, Capparelle and Winkleman about the unsafe conditions in the tray room and no corrective action was taken, he told Defendant Lamas, and Lamas also failed to address his concerns over safety issues he raised about the prison tray room prior to his fall. Further, Plaintiff again alleges that prison staff failed to fix the unsafe conditions in the tray room and the problems with the tray machine doors, and that staff continued to ignore the problems, despite being told by him of the "impending harm" because of these conditions. (*Id.*, p. 6).

In addition to his Eighth Amendment conditions of confinement claims in his #08-1473 Complaint, which are substantially similar to his Eighth Amendment conditions of confinement claims raised in his # 08-0796 and # 08-1404 cases, Plaintiff raises for the first time a First Amendment retaliation claim against unnamed prison staff regarding the failure to send out his legal mail and a First Amendment retaliation claim against Defendant Sowash regarding his suspension from his tray room prison job. Plaintiff avers that after he filed lawsuits with this Court, he was retaliated against by the unnamed prison staff when they did not send out his legal mail, and by Defendant Tennis in failing to respond to his appeal of his grievance about retaliation. (*Id.*, p. 9). Plaintiff also claims that Defendant Sowash retaliated against him for his lawsuits by suspending him from his prison job without due process and "for no real reason why" and, that he "has been job suspended but received no misconduct hearing" in violation of prison policies. (*Id.*). Plaintiff states

that he filed a grievance about being suspended from his prison job without due process by Defendant Sowash and that he is currently "awaiting a response to that grievance." (*Id*.).

Plaintiff attached numerous exhibits to his Complaint filed in case number 08-1473. (Doc. 1, Exs. A-ZZ).[6] Plaintiff's exhibits mostly are grievances he filed with the prison and the responses and appeals thereto. Plaintiff's exhibits show, in part, that he filed a grievance about the negligent failure of prison staff to fix the conditions in the tray room and to prevent his slip and fall which occurred on January 18, 2008. (Doc. 1, Ex. I). Plaintiff also claimed that the medical staff was negligent for failing to come get him afer his fall and for ordering medication after his fall and never giving it to him. (*Id*.). Plaintiff also filed grievances in May 2008 about the withholding of his legal mail and not mailing it to this Court, but the grievance responses indicated that his legal mail was returned to him for lack of paying for the postage and that he was not deemed indigent pursuant to DOC policy.

Plaintiff also filed an *in forma pauperis* Motion with his case number 08-1473. (Doc. 2). We now screen Plaintiff's Complaint in case number 08-1473 under the PLRA and find that it raises substantially similar claims as Plaintiff's recent #08-0796 and #08-1404 cases, and that it names almost all of the same Defendants as in his previous two cases. As stated, on August 5, 2008, we issued a R&R in Plaintiff's case #08-1404 and pursuant to Rule 42(a), we recommended that both of Plaintiff's prior cases be consolidated, that Case Number 08-1404 be closed, and that the matters proceed under Civil Action Number 4:CV-08-0796. It was also recommended that all of Plaintiff's

---

[6]We note that in screening a prisoner's complaint under the PLRA, the Court can consider exhibits attached to the complaint. *Hughes v. Kostingo*, 2006 WL 367890, * 2 (W.D. Pa.).

claims in his 08-1404 Complaint against all named Defendants therein be dismissed based on the District Court's June 16, 2008 Order issued with respect to Plaintiff's 08-0796 Complaint. We will again recommend, in part, consolidation of Plaintiff's new case with his prior two similar cases.

**II. Discussion.**

>Rule 42(a) of the Federal Rules of Civil Procedure states that:
>
>When actions involving a common question of
>law or fact are pending before the court, it
>may order a joint hearing or trial of any or all
>the matters in issue in the actions consolidated;
>and it may make such orders concerning proceedings
>therein as may tend to avoid unnecessary costs
>or delay.

All three of Plaintiff's recent cases have been reviewed, Nos. 08-0796, 08-1404 and 08-1473, and we find that they involve common questions of law and fact. All of the Defendants named in Plaintiff's # 08-1404 and # 08-1473 actions were already named in his 08-0796 case and were dismissed by the District Court. Plaintiff again raises the same claims in his #08-1473 case that he raised in his #08-1404 case, and he also raises new retaliation claims in his #08-1473 case. Based again upon the reasoning in our May 12, 2008 R&R in Civil Action No. 08-0796 (Doc. 7), and the District Court's June 16, 2008 Order, we will recommend that Plaintiff's instant Eighth Amendment conditions of confinement claims in his # 08-1473 case against all named Defendants therein be dismissed. Further, with respect to case # 08-1473, we will recommend that Plaintiff's new First Amendment retaliation claim against unnamed prison staff for failing to send out his legal mail be dismissed and that his new First Amendment retaliation claim against Defendant Sowash

regarding suspension from his prison tray room job be dismissed without prejudice to re-file it after he exhausts his DOC administrative remedies.

Moreover, to the extent that Plaintiff may be raising a First Amendment denial of access to courts claim along with his legal mail retaliation claim, we find that he fails to state such a claim since he alleges no injury to any of his lawsuits as a result of his legal mail being returned to him for his failure to pay the postage. (Doc. 1, p. 9). Nor does Plaintiff state the personal involvement of any Defendant with respect to his claim that his legal mail is not being sent to this Court based on retaliation for his lawsuits. In fact, we take judicial notice that Plaintiff has been able to recently file two new cases after he filed his first case with this Court.

As the Third Circuit Court stated in *Salkeld v. Tennis*, C.A. No. 07-1776, (3d Cir. 9-13-07), slip op. p. 3, 2007 WL 2682994, * 1 (3d Cir. 2007) (Non-precedential):

> An inmate alleging a violation of *Bounds v. Smith*, 430 U.S. 817 (1977), must show an actual injury, a requirement that derives from the doctrine of standing. *Lewis v. Casey*, 518 U.S. 343, 349 (1969). Specifically, the inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Id.* at 351. *See also Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (no First Amendment right to subsidized mail). However, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence of conditions of confinement. *Lewis*, 518 U.S. at 349 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.") (emphasis in original).

In *O'Connell v. Sobina*, 2008 WL 144199, * 10 (W.D. Pa.), the Court stated:

> In *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to

10

> access to the courts. Specifically, the Supreme Court held
> that, in order to state a claim for denial of access to courts,
> a party must identify all of the following in the complaint:
> 1) a non-frivolous, underlying claim; 2) the official acts
> frustrating the litigation; and 3) a remedy that may be awarded
> as recompense but that is not otherwise available in a future
> suit. *Christopher*, 536 U.S. at 415.

Additionally, Plaintiff's own exhibits show that this legal mail was returned to him since he failed to pay for the postage and not due to retaliation by any unnamed prison staff based on his lawsuits he filed with this Court.[7] As the Third Circuit Court stated in *Smith v. Dept. of General Services of PA*, Appeal No. 05-3405, 3d Cir. 6-7-06, slip op., p. 8 (Non-Precedential), "a claim of First Amendment retaliation requires personal involvement in the alleged retaliatory conduct so that there is a casual connection. *Brennan v. Norton*, 350 F. 3d 399, 414, 419 (3d Cir. 2003)."(second citation omitted). In our case, Plaintiff fails to sufficiently allege that any named Defendant's alleged conduct impacted any of his constitutionally protected rights. Plaintiff also states that he filed a

---

[7]As the *O'Connell* Court noted:

> [S]tates do not have to subsidize inmate litigation, civil or
> criminal; the inmate is responsible for managing his litigation
> within the constraints of his own fiscal means. *See, e.g.,
> Linell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003)
> (holding that because an inmate has no constitutional
> entitlement to prosecute a civil suit, like any other civil litigant,
> he must decide which of his legal actions is important
> enough to fund); *Salkeld v. Tennis*, 2005 WL 2794222, *2
> (M.D. Pa. 2006) (while a state must provide prisoners
> an opportunity to send legal papers [ t]his does not mean . . .
> that prisoners have a constitutional right to unlimited free
> postage") (citations omitted).

2008 WL 144199, # 11, n. 4.

grievance about the failure of prison staff to send out his legal mail and that he received a response to it. However, Plaintiff states that he appealed the decision to Defendant Tennis and has not received a reply from Tennis regarding his appeal of his grievance. (Doc. 1, p. 9).

Thus, in case # 08-1473, we shall recommend that Plaintiff's First Amendment retaliation claim and First Amendment access to court claim against unnamed prison staff with respect to his legal mail be dismissed.[8]

We will also recommend that Plaintiff's First Amendment retaliation claim against Defendant Sowash in case # 08-1473 regarding his job suspension be dismissed without prejudice to re-file it after he exhaust his DOC Administrative remedies which he admits has not yet occurred. (Doc. 1, p. 9).

It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

---

[8]We also find that the Complaint does not adequately allege personal involvement of any prison staff to state a cognizable claim with respect to Plaintiff's First Amendment retaliation claim related to his denial of access to court claim and his legal mail claim. The law is clear that *respondeat superior* is not an acceptable basis to hold prison officials liable in a § 1983 action. *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Rather, Plaintiff must allege the personal involvement of each Defendant with respect to the violation of his Constitutional rights. *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W. D. Pa.).

some other wrong." *Id*. *Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D. Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted); *Oriakhi v. U.S.* 165 Fed. Appx. 991 (3d Cir. 2006); *Banks v. Roberts*, 2007 WL 3096585, * 1(3d Cir.)(Non-Precedential).  As stated above, there is no "futility exception to [the PLRA's] mandatory exhaustion requirement." *Id*. (citation omitted).

Plaintiff's allegations in his # 08-1473 Complaint indicate that he only recently filed a grievance regarding his claim that Defendant Sowash retaliated against him for his filing lawsuits by suspending him from his prison tray room job.  (Doc. 1, p. 2-D, ¶ 3).   Thus, in his # 08-1473 Complaint, Plaintiff admits that he did not exhaust all of his available administrative remedies regarding his new retaliation claim against Defendant Sowash.  (*Id.*, p. 1).  It is settled that the Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002)*; Jones v. Bock*, 127 S. Ct. 910 (2007).

Despite exhaustion being an affirmative defense that does not have to be pled in the Complaint, this Court recently stated in *Narvaez v. Angelini*, Civil No. 07-1227, M.D. PA., slip op. pp. 4-5, (9-5-07 Order)(J. McClure), as follows:

> While *Bock* does stand for the proposition that as an affirmative defense, exhaustion need not be pled in the complaint, it also stands for the proposition that when the complaint readily admits to having failed to exhaust administrative remedies, the complaint is subject to dismissal *sua sponte* under the screening requirement of the PLRA for failure to state a claim and this does not make failure to exhaust any less of an affirmative defense. *Id*. at 920-21.

As in *Narvaez*, our Plaintiff has readily admitted that he has failed to exhaust his Administrative remedies with respect to his new First Amendment retaliation claim against Defendant Sowash. (Doc. 1, p. 9). Further, Plaintiff states that he has not yet even received the initial response to his grievance about retaliation by Sowash for suspending him from his job and, thus, he still will have his appeal remedies even if his grievance is initially denied. Plaintiff clearly has not fully exhausted the DOC grievance process with respect to his present First Amendment retaliation claim against Defendant Sowash. (*Id.*, p. 9).

Further, insofar as Plaintiff also seems to claim in his # 08-1473 case that he was suspended from his prison job in the tray room without due process (*Id.*), Plaintiff has no Constitutional right to any prison job and he must exhaust his Administrative remedies with the DOC prior to filing a suit in federal court. As stated, Plaintiff admits that he has not yet exhausted his grievance about being suspended from his prison job. (*Id.*). Also, Plaintiff had no Fourteenth Amendment protected property interest with respect to being suspended from his prison job.

The Plaintiff has not alleged that he had a "protected liberty interest" that was infringed by the Defendant Sowash's action in suspending him from his tray room job. "[T]hese interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "[T]he baseline for determining what is 'atypical and significant'--the 'ordinary incidents of prison life'--is ascertained by what a sentenced inmate may

reasonably expect to encounter as a result of his conviction in accordance with due process of law." *Griffin v. Vaughan*, 112 F.3d 703, 706 (3d Cir. 1997) *quoting Sandin*, 515 U.S. at 486.

Based on *Sandin* and *Griffin,* the Plaintiff's Complaint as against Defendant Sowash fails to state a Fourteenth Amendment due process claim, since the removal of Plaintiff from his tray room job did not give rise to a protected liberty interest. No liberty interest is implicated by the Plaintiff because he had no right to a particular prison job. It is well-settled that an inmate has no recognizable constitutional right to a particular prison job. *See Wright v. O'Hara*, 2002 WL 1870479, *5 (E.D. Pa.); *Vieux v. Smith*, Civil No. 07-0299 (M.D. Pa. April 2007).

## III. Recommendation.

Accordingly, pursuant to Rule 42(a), it is respectfully recommended that the above case, #08-1473, be ordered consolidated with Plaintiff's case # 08-0796, that Plaintiff's Motion for *in forma pauperis* in Case No. 08-1473 (Doc. 2) be granted solely for the purpose of filing this action, that Case Number 08-1473 be closed, and that all three of Plaintiff's cases proceed under Civil Action Number 4:CV-08-0796. It is recommended that all of Plaintiff's claims, including his Eighth Amendment conditions of confinement claims, in his 08-1473 Complaint against all named Defendants therein, except for his First Amendment retaliation claim against Defendant Sowash and his First Amendment retaliation claim and access to court claim against unnamed prison staff, be dismissed based on the District Court's June 16, 2008 Order issued with respect to Plaintiff's # 08-0796 Complaint. It is recommended that Plaintiff's First Amendment retaliation claim and access to court claim in case # 08-1473 against unnamed prison staff be dismissed. It is recommended that Plaintiff's First Amendment retaliation claim against Defendant Sowash in case

# 08-1473 be dismissed without prejudice to re-file it after he exhausts his DOC administrative remedies. It is further recommended that the consolidated matter be remanded to the undersigned for further proceedings as against only remaining Defendant Dr. Symmons and Plaintiff's Eighth Amendment denial of proper medical care claim with respect to his injuries sustained in his January 18, 2008 tray room fall.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: September 10, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-0796** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANKLIN J. TENNIS, et al., | : | |
| Defendants | : | |

_____

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | CIVIL ACTION NO. **4:CV-08-1473** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY BEARD, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 10, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: September 10, 2008**