IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. OLIVER, | : | 4:CV-08-1473 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JEFFREY BEARD, et al., | : | |
| Defendants. | : | |

**O R D E R**

October 28, 2008

**BACKGROUND:**

On October 6, 2006, plaintiff John R. Oliver, a state prisoner at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania ("SCI-Rockview"), proceeding pro se, commenced civil action number 08-796 by filing a complaint under 42 U.S.C. § 1983. (Civ. No. 08-796 Rec. Doc. No. 1.) That complaint contains various allegations concerning deliberate indifference to his serious medical needs while incarcerated at SCI-Rockview for wrist injuries sustained after he allegedly fell on a tray while working in the prison tray room.

The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.  On May 12, 2008, after conducting an initial screening of the

1

complaint pursuant to 28 U.S.C. § 1915A, the magistrate judge issued a report and recommendation recommending that the complaint be dismissed as to all defendants except for one.  (Civ. No. 08-796 Rec. Doc. No. 7.)  On June 16, 2008, we adopted the magistrate judge's report in full and dismissed all defendants with the exception of one defendant who is not named in the instant action.  (Civ. No. 08-796 Rec. Doc. No. 14.)

On July 28, 2008, Oliver commenced civil action number 08-1404 with the filing of a complaint also under 42 U.S.C. § 1983.  This complaint named the same seven defendants who were dismissed in Civ. No. 08-796 and similarly claims that defendants were deliberately indifferent to his serious medical needs for wrist injuries sustained in his fall at the prison. On August 5, 2008, the magistrate judge issued a report and recommendation that was docketed under both case numbers that recommended that Civ. No. 08-1404 be consolidated with Civ. No. 08-796, and that all seven defendants be dismissed for the same reasons they were dismissed in the Civ. No. 08-796 action. We agreed with the magistrate judge that the complaint in Civ. No. 08-1404 raised essentially the same claims as were dismissed against the defendants in Civ. No. 08-796.  Thus, the claims against the defendants in Civ. No. 08-1404 were dismissed for failure to state a claim on which relief may be granted,  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Now, for the third time, plaintiff filed a civil action, 08-1473, naming the same defendants that were dismissed in Civ. No. 08-796 and whom the action was terminated against in Civ. No. 08-1404.  Plaintiff raises essentially the same <u>Eighth Amendment</u> claims raised in the first two actions, namely that Defendants were deliberately indifferent to his safety at SCI-Rockview and as a result he suffered injury.

Additionally, plaintiff claims that, as a result of filing Civ. No. 08-796, his legal mail was not mailed, and defendant Sowash retaliated against plaintiff by suspending plaintiff from his job. He has filed grievances with the prison on both matters and is awaiting response.  Attachments to plaintiff's complaint show that plaintiff's mail was not sent for failure to pay postage, and that plaintiff is not deemed indigent by the Department of Corrections.  (Rec. Doc. No. 1 at 12, 19-21, 33.)  The attachments also show that plaintiff has begun, but not exhausted, the administrative remedy procedure for his claim that he was suspended from his job in retaliation for his earlier legal action.

On September 10, 2008 the magistrate judge filed an eighteen-page Report and Recommendation, recommending that the case be consolidated with Civ. No. 08-796, that plaintiff's motion to file <u>in forma pauperis</u> be granted solely for the filing of this action, and that the instant action be closed. The magistrate judge

further recommended that plaintiff's Eighth Amendment claims be dismissed for the same reasons set forth in our June 16, 2008 Order in Civ. No. 08-796.  The magistrate judge also recommended that plaintiff's First Amendment retaliation claim and access to court claim against unnamed prison staff be dismissed. Finally, the magistrate judge recommended that plaintiff's First Amendment retaliation claim against Defendant Sowash be dismissed without prejudice for failure to exhaust administrative remedies.   No objections have been filed; thus the matter is ripe for disposition.

Now, therefore, we will adopt the magistrate judge's report and recommendation so far as it is consistent with this decision.

**DISCUSSION**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L. R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

We agree with the magistrate judge, plaintiff raises essentially the same Eighth Amendment claims raised in the first two actions, that is, defendants were deliberately indifferent to his safety at SCI-Rockview and as a result he suffered injury.  The complaint contains the same allegations that plaintiff raised in Civ. No.

4

08-796 and Civ. No. 08-1404, with more factual allegations supplied. For the same reasons set forth in Civ. No. 08-796 and Civ. No. 08-1404, and for the same reasons set forth in Magistrate Judge Blewitt's Report and Recommendation (Rec. Doc. No. 9) we will order that Plaintiff's instant <u>Eighth Amendment</u> conditions of confinement claims in the instant action be dismissed against all named Defendants. However, instead of consolidating the actions, we will dismiss this action for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

We agree with the magistrate judge that plaintiff fails to allege a <u>First Amendment</u> retaliation claim and <u>First Amendment</u> access to court claim against unnamed prison staff, thus we will order that these claims be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We also agree with the magistrate judge that plaintiff has admitted he did not exhaust his administrative remedies pursuant to 42 USC § 1997e(a) regarding his <u>First Amendment</u> retaliation claim against Defendant Sowash regarding plaintiff's job suspension; thus we will order this claim be dismissed without prejudice.

Consolidated action Civ. No. 08-796 was remanded to the magistrate judge for further proceedings by order of September 10, 2008.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's motion to proceed in forma pauperis is GRANTED solely for the purpose of filing this action. (Rec. Doc. No. 2.)

2.  We adopt the magistrate judge's report and recommendation in part regarding the reasoning for dismissing all defendants. (Rec. Doc. No. 9.)

3.  All claims set forth in Civil No. 08-1473 are dismissed, with the exception of plaintiff's First Amendment retaliation claim against Defendant Sowash, which is dismissed without prejudice for failure to exhaust administrative remedies.

4.  Plaintiff's motion to appoint counsel is DENIED as moot. (Rec. Doc. No. 11.)

5.  Plaintiff is directed to follow Rule of Civil Procedure 15 for future filings regarding the same defendants and the same issue.

6.  The clerk is directed to close Civ. No. 08-1473.

                                                     s/ James F. McClure, Jr.
                                                     James F. McClure, Jr.
                                                     United States District Judge